UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**J.L. SUMMERS**                                                          **CIVIL ACTION**

**VERSUS**                                                                **NO. 11-1960-SS**

**WARDEN OF H.O.D., ET AL.**

## ORDER AND REASONS

Plaintiff, J.L. Summers, filed this civil action against the "Warden at H.O.D." to challenge the conditions of his former confinement within the Orleans Parish Prison system.[1] The complaint was thereafter supplemented and amended on several occasions.[2] An answer was then filed on behalf of the Warden and Orleans Parish Sheriff Marlin Gusman,[3] and defendants have now filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[4] Plaintiff has opposed that motion.[5] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[6]

---

[1]   Rec. Doc. 3.

[2]   See Rec. Docs. 5, 9, 18, 29, and 30.

[3]   Rec. Doc. 16.

[4]   Rec. Doc. 38.

[5]   Rec. Doc. 44.

[6]   Rec. Doc. 32.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and shows that the moving party is entitled to judgment as a matter of law." Elizondo v. Green, 671 F.3d 506, 509 (5th Cir. 2012). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).

For the following reasons, defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

The Court can easily dispose of defendants' argument that plaintiff's complaint should be dismissed pursuant to 42 U.S.C. § 1997e(a), which provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by *a prisoner*

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.)  Because plaintiff had been released, and was therefore no longer a "prisoner," at the time this lawsuit was filed, § 1997e(a) does not apply and exhaustion is not required.  Talamantes v. Leyva, 575 F.3d 1021, 1023-24 (9th Cir. 2009); Norton v. City of Marietta, Oklahoma, 432 F.3d 1145, 1150-51 (10th Cir. 2005); Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005); Greig v. Goord, 169 F.3d 165, 167 (2nd Cir. 1999).

Defendants also argue that they cannot be held liable under any theory of vicarious liability.  That argument, to the limited extent it is applicable herein, is correct.  It is clear that a supervisory official cannot be held liable pursuant to § 1983 under any theory of strict liability[7] or vicarious liability[8] for federal civil rights violations allegedly committed by his subordinates.  Therefore, plaintiff's claim regarding the purported denial of medical attention is subject to dismissal on this basis.  "Personal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Neither Gusman nor the Warden is a member of the jail's medical staff, and plaintiff does not allege that either Gusman or the warden had any personal involvement whatsoever in the purported denial of medical attention.  Therefore, as the defendants argue, there is no valid legal theory to support the claim and it must be dismissed.

---

[7] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[8] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." ); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

However, the same is not true of plaintiff's remaining claims which challenged the general conditions of confinement within the Orleans Parish Prison system, i.e. that prisoners were housed in a condemned building, that paint chips were present, that prisoners were not furnished with necessary hygiene products, that there were insufficient numbers of mattresses and blankets, and that the conditions were unsanitary. Certainly, it would strain credibility for defendants to argue that they were unaware of those purported conditions, in light of the numerous lawsuits filed over the years asserting these same claims, the inspections performed by outside sources, and the abundant media accounts detailing the allegedly dreadful conditions within the Orleans Parish Prison system.[9] Where, as is arguably the case here, jail officials in positions of authority are on notice of allegedly unconstitutional jail conditions, have an opportunity to remedy those conditions, and yet fail to do so, the claim against them is one predicated on their *direct role* in allowing the conditions to occur and continue, not on a theory of vicarious liability. Oladipupo v. Austin, 104 F. Supp. 2d 654, 661-62 (W.D. La. 2000). Therefore, the Court finds that a genuine issue of material fact remains in dispute with respect to these claims, and summary judgment is inappropriate based solely on a purported lack of personal involvement.

The Court is also unpersuaded by defendants' argument that plaintiff's allegations, even when considered collectively, do not rise to the level of constitutional violations. The facts of this case are simply too undeveloped at this point for the Court to make that determination.

---

[9] At this point, the Court is not called upon to assess the credibility of any such assertions, in that the defendants have not in fact denied such knowledge. For example, there have been no affidavits or depositions submitted by defendants in support of their motion in which they disclaim any such any such knowledge of or personal role in the perpetuation of such general conditions.

Lastly, at least at this stage of the proceeding, the Court is likewise unpersuaded by defendants' assertion of qualified immunity. Section 1983 liability clearly can be premised a theory that general conditions of confinement violated a detainee's rights. Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997). Plaintiff's complaint obviously alleges such a violation. Moreover, in a conditions of confinement case such as this, the local governmental entity is considered to have intended the alleged deprivation, and a constitutional violation occurs if the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective. Id. In the absence of a compelling governmental interest, which has not as yet been established, plaintiff's unchallenged factual allegations and evidence, which must be viewed in the light most favorable to him, are sufficient to survive a summary judgment motion based on qualified immunity. See, e.g., Herbert v. Maxwell, 214 Fed. App'x 451, 455-56 (5th Cir. 2007); Oladipupo, 104 F. Supp. 2d at 662.

In light of the foregoing, the Court finds that summary judgment is not appropriate with respect to plaintiff's claims challenging the general conditions of his confinement and that further development at trial is required.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment, Rec. Doc. 38, is **GRANTED IN PART AND DENIED IN PART**.

**IT IS ORDERED** that the motion is **GRANTED** with respect to plaintiff's claim for inadequate medical attention, and that claim is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion is **DENIED** with respect to plaintiff's remaining claims.

New Orleans, Louisiana, this eighth day of June, 2012.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**